The cause was argued at the last October term, and the opinion of the' Court was read by Putnam J., at the sittings after this term, as drawn up by
Wilde J.
[After stating the facts.] The questions now
to be determined are, I. Whether the administrators are liable to the charge of interest on the balance remaining in their hands, for the intervening time after the appeal first claimed and before its final determination. 2. Whether, for the purpose of thus charging them, they are compellable by law, on a new citation, to answer interrogatories touching the use and profit made of said balance during said intervening time. As the facts now appear, there seems no legal ground for the charge of interest. The general principle is, that administrators are not chargeable with interest for money remaining in their hands, unless they loan it and receive interest, or make some profitable use of it, or unreasonably detain it. There is no evidence that any profitable use has been made of any part of the money due from the administrators, while it remained in their hands, and they do not admit the fact. Nor has there been any unreasonable delay in paying over the money, unless, as urged by the appellees’ counsel, the first appeal was vexatious. But this position cannot now be maintained, since on the hearing of the appeal the decree of the *539 judge of probate has been found in some respects erroneous, and we cannot consider the appeal vexatious, as the decree appealed from required revision and was in part reversed. The administrators might perhaps have safely acquiesced in the decree, but they had a right to interpose an appeal for the benefit of others interested in the estate, and if they thought they were bound so to do in the exercise of their discretion, we cannot say that the consequent delay was vexatious or unreasonable.
With respect to the supposed liability created by the section of the statute in relation to appeals, it is sufficient to say, that if the appellants’ construction of the statute is correct, and appellants are liable in all cases of appeal to pay interest as intervening damages, they should have been moved for and allowed on the hearing of the appeal. This is the course pursued in the other cases of appeal, in which interest is brought forward to the time of final judgment, and there is no reason for distinguishing appeals from the decrees of a judge of probate from all other appeals. To allow incidental damages arising in the prosecution of one suit to be claimed and recovered in a new action would be altogether novel; and as it must be attended with unnecessary expense and delay, it cannot be admitted.
We do not, however, adopt the construction contended for by the counsel for the appellants. The words “ intervening damages ” in the statute mean, it is said, the interest accruing after the appeal, and must be recoverable at all events. If this were so, then if the heirs had appealed instead of the administrators they would have been liable to the charge of interest on their own money in the hands of the administ itors. So administrators, who might have the most just and powerful reasons for appealing, would be obliged to pay interest when they could not safely make any use of the money in their hands ; which would be highly unreasonable.
This cannot be considered as the true construction of the statute. It is quite clear, that the legislature intended only to provide for the security and recovery of intervening damages, whenever the appellee should have judgment therefor, and not to create any new liability. The provision is similar to that respecting appeals from the judgments of justices of the peace, wherein the appellant, whether plaintiff or defendant, is requir *540 ed to give security for intervening damages and costs, although generally the defendant cannot entitle himself to the recovery of damages. The intention is the same in both statutes. The appellant is to give security for the payment of intervening damages, provided the appellee should be found entitled to recover any. In this case, the appellants were not liable to pay intervening damages by reason of their first appeal, because they had good and legal cause for appealing ; and if they had received interest for the loan of the money pending the former appeal, that could not be inquired into on the hearing of the appeal ; for the interest in such case would not be considered as intervening damages, arising from the appeal, but as profit or money received for which the appellants were bound to account. We consider, therefore, the proceedings in this case as regular, and the only remaining question is, whether the appellants are bound to account, or are compellable to answer interrogatories touching the use made of the money pending the first appeal.
The first objection made to the appellants’ liability is, that the appellees have no legal right to recover interest after the payment of the principal, and several cases have been cited in support of this objection. But these cases are not applicable, for they all refer either to contracts wherein there was a stipulation to pay principal and interest at the same time, or to contracts in which there was no stipulation for the payment of interest, the same being recoverable as incidental damages. Interest and principal are not inseparably connected ; for if the interest and principal are payable at different times, an action may be maintained for the interest, whether the principa has been paid or is not due. Thus if the principal be defer red, and in the mean time interest is agreed to be paid an nually, or at any stated time before the time fixed for the payment of the principal, a separate action may be maintained for the interest ; or if a stipulation be made at one time to pay the principal, and afterwards there is a new agreement to pay interest, a separate action may be maintained for the interest, for the principal and the interest depend on different contracts.
In the case under consideration, the principal and interest are disconnected. The appellants were accountable for the principal, and had actually accounted for it, in the probate court, *541 before an' part of the interest now claimed accrued. If any sum of money has been since received, (whether it be principal or interest is wholly immaterial,) it was received in trust for the heirs, and the administrators are bound to account for it.
If an agent, attorney, or trustee receive money for the use of another, of what importance can it be whether it was received as principal or as interest ? His liability is the same in both cases, and not a case or dictum to the contrary can be found.
Another objection made to the appellants’ obligation to account has been already noticed, in considering another point in the cause. It is said, that if the appellants were ever liable, their liability was involved in the former appeal, and as the appellees neglected to charge the appellants with interest on the hearing of the appeal, they must be considered as having waived their claim therefor ; and that the decree is conclusive in respect to all matters directly or incidentally involved in that appeal.
This inference would be just and decisive, if interest could be considered as intervening damages arising from the appeal; but it has been already shown, that the appellants’ liability does not depend on the appeal, but on the use made of the money, and that a court having appellate jurisdiction could not inquire into this matter ; especially as the appellants might, and probably would, have denied their liability, as they do now, and the question would have been, whether they were compellable to answer interrogatories on oath touching the use made of the money. Most clearly such a question could not be determined on the hearing of the former appeal.
For these reasons we consider the appellants compellable to render an account, and they must answer interrogatories in order that the account may be justly stated. They cannot object that they are not compellable to charge themselves. The object of a bill to account is thus to charge them, and they cannot refuse to answer interrogatories, inasmuch as they are by aw obliged to render an account on oath of all moneys received for which they are accountable.[1]

Decree affirmed.

 See also Saxton v. Chamberlain, 6 Pick. 425; Higbee v. Bacon, 8 Pick. 484, and 7 Pick. 14; O’Dee v. McCrate, 7 Greenl. 467. An administrator is not to *542 be considered as refusing or neglecting to account, under oath, for such property of the intestate as has been received by him, within the meaning of the St 1786, c. 55, until he has been cited by the probate court for that purpose. Nelson v. Jaques, 1 Greenl. 139.